IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN MARION LATTIMORE, III,

Plaintiff,

v.

ORDER

DANIEL WITHEE, OFFICER ROETTGER, and CITY OF MIDDLETON,

25-cv-312-wmc

Defendants.

---

Plaintiff John Lattimore, who is representing himself, is suing defendants Daniel Withee, Officer Roettger, and City of Middleton for violating his rights under the First and Fourth Amendments when the officers detained and cited him for disorderly conduct in October 2024. (Dkt. ##4-5.) The clerk of court previously issued summons as to all defendants on July 28, 2026, making plaintiff's proof of service due by October 26, 2026. (Dkt. #6.) While plaintiff has served Roettger and the city, who have appeared through counsel and answered the complaint (dkt. ##11-12), plaintiff requested the summons for Withee be reissued for a different address in Panama City Beach, Florida, which had been located through a skip trace on August 10, along with email addresses and telephone numbers. (Dkt. #14, at ¶¶ 4-6; dkt. #7.) Now, citing the Bay County Sheriff's Office's unsuccessful attempt to personally serve Withee at his residence in a gated community, plaintiff seeks permission to serve Withee by publication, and alternatively, email. (Dkt. #14.)

Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may accomplish service on an individual by following the law of either the forum state or the state where the party will be served. Plaintiff cites Wis. Stat. § 801.11, which permits service in different ways, depending on the circumstances. Relevant here, plaintiff must first attempt personal service, Wis. Stat.

§ 801.11(1)(a), and if that cannot be accomplished through reasonable diligence, he may leave a copy of the summons with a family member or other adult "at the defendant's usual place of abode." Wis. Stat. § 801.11(1)(b). Then, only if plaintiff cannot accomplish *that* through reasonable diligence, may he serve defendant by publication and mailing. Wis. Stat. § 801.11(1)(c). While plaintiff does not refer to them, Florida has similar service of process rules. Fla. Stat. § 48.031(1)(a) (requiring delivery of copy directly to person or leaving copy at usual place of abode with 15-year-old or older resident and informing that person of the contents).

Wisconsin courts have held that making repeated service attempts at a defendant's known residences can qualify as "reasonable diligence" under § 801.11. *E.g.*, *O'Donnell v. Kaye*, 2015 WI App 7, ¶ 6 n.3, 359 Wis. 2d 511, 859 N.W.2d 441; *Welty v. Heggy*, 124 Wis. 2d 318, 325–26, 369 N.W.2d 763 (Ct. App. 1985). However, "[t]he guiding principle in these cases is that, when pursuing any leads or information reasonably calculated to make personal service possible, the plaintiff must not stop short of pursuing a viable lead." *Loppnow v. Bielik*, 2010 WI App 66, ¶ 15, 324 Wis. 2d 803, 783 N.W.2d 450 (internal quotations omitted).

In this case, plaintiff says that he acted with reasonable diligence in trying to personally serve Withee but has been unsuccessful because even though the address and phone numbers located for Withee via skip trace appear current, neither a process server nor law enforcement officer can freely access individual units within Withee's gated community. However, the evidence submitted by plaintiff shows that he has failed to pursue at least one viable lead.

Specifically, Florida requires that a gated residential community "shall grant unannounced entry into the community, including its common areas and common elements, to a person who is attempting to serve process on a defendant or witness who resides within or

is known to be within the community." Fla. Stat. § 48.031(7). Plaintiff states that "[t]he Bay County Sheriff's Office attempted service and reported that it could not locate Defendant Withee within Bay County, and returned a Declaration/Affidavit of NonService to that effect, a copy of which has been sent to this Court." (Dkt. #14, at ¶ 9.) However, plaintiff has not filed a copy of that declaration with the court, nor explained *why* the Sheriff's Office could not locate Withee at the address provided. Indeed, it appears that under Florida law, plaintiff or a private process server acting on his behalf should be able to enter the gated community at Withee's last known address and either hand Withee or a person residing there a copy of the complaint.

Accordingly, IT IS ORDERED that plaintiff John Lattimore's motion for alternative service on defendant Daniel Withee (dkt. #14) is DENIED without prejudice to plaintiff renewing his motion if he is unable to accomplish personal service after making additional efforts.

Entered this 9th day of September, 2026.

BY THE COURT:

/s/

William M. Conley
District Judge