IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN MARION LATTIMORE III,

Plaintiff, ORDER

v. 25-cv-312-wmc

DANIEL WITHEE, OFFICER ROETTGER,
and CITY OF MIDDLETON,

Defendants.

---

Self-represented plaintiff John Lattimore III has filed a renewed motion requesting to serve defendant Daniel Withee, a retired Middleton police officer, by publication in the Wisconsin State Journal and by mail to defendant's last known address in Stoughton, Wisconsin. (Dkt. #21.) Plaintiff states that he has exercised reasonable diligence in attempting to personally serve defendant, but that his efforts have been unsuccessful.

Plaintiff may serve an individual by alternative means by publication and mailing, at or immediately prior to the first publication, if the person cannot be served personally with a reasonably diligent effort. Wis. Stat. § 801.11(1)(c). Reasonable diligence does not require "all possible diligence which may be conceived," *Haselow v. Gauthier*, 212 Wis. 2d 580, 589, 569 N.W.2d 97 (Ct. App. 1997) (quotation omitted), but it does require a plaintiff to "exhaust . . . any leads or information reasonably calculated to make personal service possible." *Cunningham v. Montes*, No. 16-cv-761-jdp, 2018 WL 2390118, at *2 (W.D. Wis. May 25, 2018); *see also West v. West*, 82 Wis. 2d 158, 164, 262 N.W.2d 87, 89 (1978).

Here, plaintiff first hired Dane County Civil Process, LLC, which returned an affidavit of non-service on August 10, because the professional skip trace, internet search, and United

States Postal Service address inquiry it performed on the same day failed to identify a confirmed, serviceable address for defendant Withee. (Dkt. #9.) Because the skip trace revealed a possible address for Withee in Panama City Beach, Florida, a summons was issued for that address. (Dkt. #10.) On September 2, the Bay County, Florida Sheriff's Office returned an affidavit of non-service stating that Withee could not be located in Bay County. (Dkt. #16.) The deputy who attempted service noted in a worksheet that he had entered the gated community, learned that the unit is a short-term rental, and then spoke by telephone with defendant Withee, who stated that he is located in Dane County, Wisconsin, and declined to give his address. (Dkt. #17-1.) After the court denied plaintiff's initial motion for alternative service without prejudice (dkt. #15), it issued a summons for Withee at an address in Stoughton, Wisconsin, which plaintiff identified through his own investigation (dkt. #19). Specifically, on September 10, plaintiff spoke with a resident of Kegonsa Road in Stoughton, who confirmed that Withee lives across the street with his family. (Dkt. #21, at ¶ 6.) However, the process service hired by plaintiff failed to personally serve defendant at that address after four attempts in October 2026. (Dkt. #20.)

The court concludes that plaintiff's attempts to serve defendant personally have been reasonably diligent, so plaintiff is authorized to serve defendant by alternative means. Specifically, plaintiff must attempt service by: (1) publication in the newspaper; and (2) mailing to defendant's last known home address in Stoughton, Wisconsin, at or immediately prior to the first publication. Wis. Stat. § 801.11(1)(c). To effect proper service by publication, plaintiff must publish a class 3 notice once each week, for three consecutive weeks, in a newspaper likely to give notice in the area or to the person affected. Wis. Stat. §§

985.01(1m), 985.02(1), 985.07(3)(a); *Morris v. Kaul*, No. 2017AP1603, 2018 WL 11430345, at *2 (Wis. Ct. App. June 20, 2018).

Plaintiff asks to publish notice in the *Wisconsin State Journal*, which meets the statutory definition of a newspaper and is certified as by the State of Wisconsin Department of Administration to provide legal notice for Stoughton and numerous other cities in Wisconsin. *See* Wis. Stat. § 985.03(1)(c) (defining newspaper as "a publication appearing at regular intervals and at least once a week, containing reports of happenings of recent occurrence of a varied character, such as political, social, moral and religious subjects, designed to inform the general reader"); https://doa.wi.gov/Documents/DEO/WisconsinStateJournalFinal.pdf (last accessed Oct. 16, 2026).

ORDER

IT IS ORDERED that:

1) Plaintiff's motion to serve defendant by alternative means (dkt. #21) is GRANTED as set forth above.

2) Plaintiff shall complete service by mail and by publication by November 30, 2026.

Entered this 19th day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge